IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GREGORY HOLT,
ADC #129616                                                          PLAINTIFF

v.                              No. 4:12-cv-510-DPM

MICHELLE HOWARD,
Public Information Officer,
Little Rock Police Department,
in her official capacity only                                         DEFENDANT

ORDER

Howard's motion to dismiss, *Document No. 14*, is granted in part and denied in part.

Holt has pleaded enough facts to nudge his equal-protection claim "across the line from conceivable to plausible . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Everyone agrees that he is a prisoner in ADC's custody whose FOIA request was denied pursuant to Arkansas Code Annotated § 25-19-105(a)(1)(B)(i) because it was Holt's request instead of his lawyer's. Whether the General Assembly's limiting incarcerated citizens'

FOIA rights based on the lack of legal counsel is constitutional is a question for later in the case. Holt's equal-protection claim is neither implausible nor frivolous.

Holt's access-to-courts claim, however, stumbles at the threshold. As Howard points out, Holt has alleged no particularized injury-in-fact. This claim is therefore dismissed without prejudice. *Klinger v. Dept. of Corrections*, 107 F.3d 609, 616-17 (8th Cir. 1997).

Holt's request for temporary injunctive relief, which is embedded in his complaint, is not properly before the Court. *Local Rule 7.2(e)*. Given the seeming lack of imminent irreparable harm, it is a stretch, as Howard points out. But the Court will not address a TRO or a preliminary injunction unless and until Holt moves for one with supporting papers. The request for a permanent injunction stands. That relief might be available if the challenged amendment is unconstitutional.

The Court would benefit from an amended complaint drafted by counsel. Whether this case should proceed as a proposed class action needs, in particular, to be evaluated by counsel. Amended complaint due by 4 January 2013. Howard need not answer until after the amended complaint

is filed. The Court, however, encourages her to answer (preserving all her defenses, of course) rather than filing a third motion to dismiss. It is time for the issues in this case to be joined in the pleadings and to move things forward.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 December 2012