# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**GREGORY HOLT,**
**ADC #129616**                                                                                    **PLAINTIFF**

v.                                    No. 4:12-cv-510-DPM

**MICHELLE HOWARD,**
**Public Information Officer,**
**Little Rock Police Department,**
**in her official capacity only and**
**STATE OF ARKANSAS**                                                                  **DEFENDANTS**

## ORDER

**1. Background.** Before Arkansas Act 168 of 2011, prisoners without a lawyer—such as plaintiff Gregory Holt—had access to all public records except those of the Departments of Correction and Community Correction. ARK. CODE ANN. § 25-19-105(a)(1)(B). The Act rewrote this provision. It now provides that

> access to inspect and copy public records shall be denied to:
>
> (i) A person who at the time of the request has pleaded guilty to or been found guilty of a felony and is incarcerated in a correctional facility; and
>
> (ii) The representative of a person under subdivision (a)(1)(B)(i) of this section unless the representative is the person's attorney who is requesting information that is subject to disclosure under this section.

Holt challenges the constitutionality of this amendment to the Arkansas Freedom of Information Act. He couldn't afford a lawyer in his post-conviction proceedings. He requested documents from Michelle Howard, the public information officer at the Little Rock Police Department. He says those documents would help him prove he's actually innocent of the crimes he's in prison for. Howard denied Holt's request, citing the amended statute. Holt sues, arguing that the amendment violates his right to equal protection. Both Howard and the State of Arkansas seek summary judgment. Many of the facts are undisputed; the Court considers the record in the light most favorable to Holt. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

2. **Standing.** Early on, the Court dismissed Holt's access-to-courts claim because he alleged no actual injury, but allowed his equal-protection claim to proceed. *№ 19 at 2*. The case has proceeded. Howard and the State again challenge Holt's standing. *№ 39 at 2; № 46 at 2–6*. They argue two things: Holt has suffered no injury fairly traceable to the amended statute; and this Court can no longer redress Holt's alleged injuries because his federal habeas petition has been dismissed. *Holt v. Hobbs*, 5:12-cv-453-BSM, *№ 70*

(E.D. Ark. 12 May 2014). Holt responds he still has open avenues of relief—he can still use the records in Howard's possession to seek a pardon, commutation, executive clemency, leniency in his sentence, and state post-conviction remedies. № 38 at 3–4; № 58 at 3–4.

Holt's federal habeas case may be done, but he still has a personal stake in this case. *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341–42 (2014). Holt "need not show that a favorable decision [by this Court] will relieve his every injury." *281 Care Committee v. Arneson*, 638 F.3d 621, 631 (8th Cir. 2011). The amended statute continues to prohibit Holt from getting access to public information, especially post-conviction investigation information about an important state's witness. № 2 at 8; *Holt v. State*, 2011 Ark. 391, 384 S.W.3d 498 (2011). Because Holt wants to continue arguing his innocence, and to continue seeking release in any way the law allows, he's shown a likelihood of future injury. № 38 at 3–4; № 58 at 3–4; *Arkansas Right to Life State Political Action Committee v. Butler*, 146 F.3d 558, 560 (8th Cir. 1998). This Court could end the information embargo by granting Holt the injunction he requests. He thus has no standing problem.

**3. Equal Protection.** The parties agree that the merits question is whether the amended statute's distinction between prisoners with lawyers and those without rationally relates to a legitimate state interest. *Chance Mgmt., Inc. v. State of S.D.*, 97 F.3d 1107, 1114 (8th Cir. 1996).

The State and Howard offer several reasons for the distinction. The State says government agencies are unequipped to handle the hundreds of FOIA requests prisoners have filed and are likely to file. № *32 at 11*. It says that prisoners' unfettered access to public records threatens the security of prisons and challenges government agencies. № *32 at 11–12*. Prisoners have used the FOIA in the past to get information about prison floor plans, shift rosters, and the location of security cameras, among other things; they've also used the statute to harass and coerce fellow inmates. *Ibid*. Howard adds that prisoners' access to public records could lead to harassment of the public, specifically ex-partners and witnesses. № *46 at 9–10*. The amended statute makes counsel the filter, preventing all this from happening. № *46 at 10*.

Holt argues none of these are legitimate reasons for preventing access to prisoners without lawyers. № *38 at 5–6*. He points out that, if the concern is prisoners will send too many FOIA requests, or requests that could lead to

-4-

bad consequences, then the statute could be more narrowly tailored. *№ 38 at 5; № 53 at 5*. As it stands now, prisoners without counsel cannot send any FOIA request to any government agency. *№ 38 at 5*. Holt's right. Narrow tailoring, though, is a creature of strict scrutiny, not rational basis review. *U.S. v. Johnson*, 495 F.3d 951, 963 (8th Cir. 2007). The General Assembly could have used scissors rather than a sword. But this doesn't offend the Constitution because the State and Howard have offered reasons for the non-represented-prisoner exception, and Holt hasn't shown that these reasons are either empty or irrational. *Chance Mgmt.*, 97 F.3d at 1114–15.

Holt also argues that, because the State and Howard have not provided evidence of legislative intent, he can only assume that the real reason the General Assembly created the distinction was to deny indigent prisoners access to public records. *№ 53 at 5–6*. Rational basis review, however, doesn't require proof of what actually motivated the state legislature, only that some rational basis exists for the amendment. *Knapp v. Hanson*, 183 F.3d 786, 789 (8th Cir. 1999). The State and Howard have provided several possible reasons for the FOIA exception. The filtering role of counsel supports the distinction between represented and unrepresented prisoners. Holt, therefore, has failed

to show that the statute violates his right to equal protection. *Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir. 2004).

A word about the access-to-courts claim. The parties argue this claim as though it came back into the case in the amended complaint filed by Holt's appointed counsel. The Court's not sure about that. But assuming it was reasserted, the access-to-courts claim fails on a similar analysis. *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 612 (8th Cir. 1998). As a party, moreover, Holt has access to records filed with the court in all his cases. Arkansas Administrative Order 19, Section II(B)(4). And Holt has litigated the underlying issues at length, albeit unsuccessfully, in state and federal court.

\* \* \*

Motions for summary judgment, № *30 & 44*, granted. The back-and-forth between Holt and his appointed counsel about a possible class action and counsel's possible withdrawal, № *51 & 54*, is mooted by the Court's decision on the merits.

So Ordered.

*DPM Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

29 July 2014